**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:27 PM July 25, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JAMES W. WALLACE, | ) | CASE NO. 12-61185 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6120 |
| | ) | |
| LISA M. BARBACCI, TRUSTEE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JAMES MIKSTAY, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

    In this adversary proceeding, Plaintiff, the chapter 7 trustee ("Plaintiff" or "Trustee"), seeks to recover an allegedly fraudulent transfer made by Debtor. Plaintiff claims that Debtor did not receive fair consideration when he sold a Chevrolet Corvette to Defendant. Defendant denies Trustee's allegations. On April 29, 2013, Plaintiff filed a motion for partial summary judgment. The arguments before the court are limited to whether Debtor received reasonably equivalent value for the transfer. Defendant filed a response. Neither party requested a hearing.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Prior to his bankruptcy filing, Debtor operated two limited liability companies, Wallace Financial Consulting, LLC and 911 Credit Repair & Consulting, LLC. The businesses were engaged in loan consulting and credit repair services. Both businesses ceased operations prior to Debtor's chapter 7 filing on April 24, 2012.

Defendant Mikstay worked for Wallace Financial Consulting, LLC ("WFC") from approximately September 2010 until May or June 2011. His compensation was a base salary of $500.00 per week plus commissions. He was not always paid on time or in full while employed with WFC and he is still owed money by WFC.

Debtor owned a 1997 Chevrolet Corvette. In March 2011, Debtor and Defendant entered into a purchase agreement for the Corvette. Defendant agreed to pay Debtor $3,000.00 cash and forgive $4,000.00 in wages Defendant was owed. The parties completed the transaction and Defendant took title to the vehicle. After taking possession, Defendant made repairs and improvements to the Corvette. Invoices for these repairs are included with Defendant's deposition transcript and total $4,077.00.

It is not clear how much the Corvette was worth at the time of the transfer between Debtor and Defendant. Defendant had a postpetition appraisal performed on October 29, 2012 by Northwest Auto Sales that values the vehicle at $8,500.00. In his deposition testimony, Debtor indicates Northwest's figure represents the value of the Corvette before he made the repairs and improvements. Although the appraisal isn't clear on this point, the court will accept $8,500.00 as the value of the Corvette at the time of transfer.

## ARGUMENTS

Plaintiff filed a motion for partial summary judgment to determine whether Debtor received a reasonably equivalent value for his transfer of the Corvette to Defendant. Trustee contends that Debtor only received only $3,000.00 for a vehicle worth $8,500.00. WFC, a separate legal entity with no interest in the Corvette, received the benefit of the $4,000.00 debt forgiveness, not Debtor. Trustee contends that the focal point is the value a debtor receives, not the value the transferee paid. Plaintiff doesn't cite a single case to support her arguments.

Defendant's response is not responsive on this specific, narrow issue. Instead, Defendant argues that WFC was Debtor's alter ego, so the corporate veil should be pierced; that the bankruptcy estate would be unjustly enriched because of his repairs and improvements to the vehicle; and that Debtor could have claimed bankruptcy exemptions in the vehicle if it was still titled to him.

2

## LAW AND ANALYSIS

Trustee's motion for partial summary judgment is based on fraudulent transfer counts pled under 11 U.S.C. § 548(a)(1)(B) and the comparable state law provision, O.R.C. § 1336.05(A). Under either provision, Trustee must establish that Debtor received less than a reasonably equivalent value in the challenged transfer by a preponderance of the evidence. Lisle v. John Wiley & Sons, Inc. (In re Wilkinson), 196 Fed.Appx. 337, 341 (6th Cir. 2006) (unreported) (citations omitted). Whether reasonably equivalent value existed is a question of fact. Id. (citing In re Humble, 19 Fed.Appx. 198, 200 (6th Cir. 2001) (unpublished) (other citations omitted)).

On a motion for summary judgment, the facts and reasonable inferences are viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). If there are no genuine issues of material fact, and the movant establishes it is entitled to judgment as a matter of law, a court is instructed to grant summary judgment. Fed. R. Bankr. P. 7056.

Determining reasonably equivalent value is a two step inquiry. First, a court considers whether the debtor received any value. Wilkinson, 196 Fed.Appx. 337, 341. Next, the court must determine if the compensation was reasonable. Id. (citing In re Fruehauf Trailer Corp., 444 F.3d 203, 212 (3d Cir. 2006)). It is clear that Debtor did receive value in this case, including $3,000.00 in cash. The question is whether the $4,000.00 forgiveness of debt owed by WFC also qualifies as value for the transfer.

The Sixth Circuit recognizes the "indirect benefit rule" which provides that 'reasonably equivalent value can come from one other than the recipient of the payments.' Id. at 342 (citing In re Northern Merch., Inc., 371 F.3d 1056, 1058 (9th Cir. 2004) (quoting In re Jeffrey Bigelow Design Group, Inc., 956 F.2d 479, 485 (4th Cir. 1992)). In further explanation, the Sixth Circuit quoted

> [A] debtor may sometimes receive "fair" consideration even though the consideration given for his property or obligation goes initially to a third person . . . . [T]he transaction's benefit to the debtor need not be direct; it may come indirectly through benefit to a third person . . . . If the consideration given to the third person has ultimately landed in the debtor's hands, or if the giving of the consideration to the third person otherwise confers an economic benefit upon the debtor, then the debtor's net worth has been preserved, and [the statute] has been satisfied—provided, of course that the value of the benefit received by the debtor approximates the value of the property or obligation he has given up.

Wilkinson at 342 (citing Rubin v. Mfrs. Hanover Trust Co., 661 F.2d 979, 991-92 (2d Cir. 1981)

3

(internal quotation marks and citations omitted)).   Under the indirect benefit rule, the mere fact that WFC received the direct benefit of Defendant's forgiveness of debt doesn't mean that a concomitant economic benefit did not flow to Debtor.   It simply requires additional proof that speaks to any economic benefit Debtor obtained by way of WFC's forgiveness of debt.   Some courts find that it is Defendant's burden to prove the value of the indirect benefit.  *See, e.g.,* Wilkinson, 196 Fed.Appx. 337, 342 (citation omitted); Bakst v. U.S. (In re Kane & Kane), 2013 WL 1197609 * 11 (Bankr. S.D. Fla. 2013) (citations omitted).   Although it recognized the holdings of other courts, the Sixth Circuit did not explicitly place the burden on the defendant.

In Wilkinson, the trustee argued that the transferee/defendant had to provide that "any indirect benefit was concrete and quantifiable."   Wilkinson, 196 Fed.Appx. 337, 342.   The Sixth Circuit didn't wholly disagree but noted that, in some cases, such as a case involving goodwill, proof of a concrete and quantifiable benefit would be "challenging."   Id.   Since the Sixth Circuit found that the benefit was concrete and quantifiable, there was no need for additional exploration of who should, or how to, measure the indirect benefit.

Some courts suggest

> the proper focus is on the net effect of the transfers on the debtor's estate, the funds available to the unsecured creditors.   As long as the unsecured creditors are no worse off because the debtor, and consequently, the estate, has received an amount reasonably equivalent to what it paid, no fraudulent transfer has occurred.

In re Northern Merch., 371 F.3d 1056, 1059 (citing Harman v. First Am. Bank of Maryland (In re Jeffrey Bigelow Design Grp., Inc.), 956 F.2d 479, 484 (4th Cir. 1992); *see also* In re Leonard, 454 B.R. 444, 457 (Bankr. E.D. Mich. 2011).   Although Wilkinson also cited the "net effect" favorably as support for its conclusion that reasonable value was given, this court is not convinced of the exclusivity of "net effect" as the standard.   The court finds that Wilkinson left more doors open than it closed.

In a pre-Wilkinson case, a bankruptcy court in the Southern District of Ohio recognized that a fairly concrete benefit might exist "when the debtor and the third-party for whom the debt is paid are so related and share such an identity of interests that the benefits of one will benefit the other to some degree."   Harker v. Center Motors, Inc. (In re Gerdes), 246 B.R. 311, 314 (citing Enwotwen Indus., Inc. v. Brookstone Ltd. P'ship (In re Newtowne, Inc.), 157 B.R. 374, 379 (Bankr. S.D. Ohio 2000)).   In Gerdes, the debtor used personal funds to pay off a floor plan financing lien on a vehicle sold by a third-party corporation, in which she was the sole shareholder and president, in order to get the title to the purchaser of the vehicle.   Looking at her potential liability if the transaction was not completed, the court "deem[ed] the avoidance of liability to be a significant indirect benefit to the [d]ebtor" that provided reasonably equivalent value.   Gerdes, 246 B.R. at 315.

Gerdes seems the most factually similar to the present case.   However, the court is

4

convinced that the record has not been developed sufficiently to render summary judgment. What is clear is that Trustee was under a mistaken view of the law and the court will deny summary judgment.

An order will be entered forthwith.

#   #   #

**Service List:**

Jack B Cooper
Day Ketterer
200 Market Ave N
#300
Canton, OH 44701-4213

Michelle Stine Barnoff
PO Box 816
Uniontown, OH 44685

5